IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DERWIN JOHNSON                                                                PLAINTIFF

vs.                                    Civil No. 4:11-cv-04095

MICHAEL J. ASTRUE                                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

　　Derwin Johnson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for a

period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income

("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1. **Background:**

　　Plaintiff  filed his applications for DIB and SSI on April 9, 2009.  (Tr. 117-123).  Plaintiff

alleged he was disabled due to a stroke, high blood pressure, high cholesterol, and obesity.  (Tr. 171).

Plaintiffs alleged an onset date of June 1, 2009.  (Tr. 171).  Plaintiff's DIB and SSI applications were

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."  The transcript pages for
this case are referenced by the designation "Tr."

denied initially and at the reconsideration levels.  (Tr. 46-61).

On January 27, 2010, Plaintiff requested an administrative hearing on his applications.  (Tr. 62-64).  This hearing was held on October 21, 2010 in Texarkana, Arkansas.  (Tr. 24-45).  Plaintiff was present and was represented by Stanley Brummel at this hearing.  *See id.*  Plaintiff, his witness Maddie Botts, and Vocational Expert ("VE") Mr. Gartman testified at this hearing.  *See id*.  On the date of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and has a high school education. (Tr. 27-28).

On November 16, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 10-20).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 20, 2009.  (Tr. 12, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: status post cerebrovascular accident (stroke), high blood pressure, high cholesterol, hernia, morbid obesity, a bilateral knee pain and weakness.  (Tr. 12, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.  (Tr. 14-18, Finding 5).  First, the ALJ evaluated  Plaintiff's subjective complaints and found his claimed limitations were not totally credible.  *Id.*  Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform sedentary work, however he must be able to alternate between sitting and standing every 45 minutes to stand and stretch.  Additionally, he cannot climb,

use ladders, ropes, or scaffolds; can occasionally balance, stoop, bend, squat, kneel, crouch, and crawl; and must avoid hazards found in the workplace, such as dangerous machinery and excessive vibrations.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 18, Finding 6).  The ALJ determined Plaintiff was unable to perform his PRW.  *Id.*  However, the ALJ also found Plaintiff retained the ability to perform other work existing in significant numbers in the national economy.  (Tr. 19, Finding 10).  The ALJ based this finding upon the testimony of the VE.  *Id.*  Specifically, the VE testified that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a bench hand with 500 such jobs in Arkansas and 27,000 in the national economy, eyeglass frame inspector with 500 such jobs in Arkansas and 38,000 in the national economy, and work as an assembler with 500 such jobs in Arkansas and 19,000 in the national economy.  *Id.*  The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, at anytime through the date of his decision.  (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 6).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-5).  On October 13, 2011, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on October 20, 2011.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 8, 9.  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

3

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his RFC determination, (B) the ALJ erred in his credibility determination, and (C) the ALJ erred in his treatment of the opinions of a consultative physician. ECF No. 8, Pgs. 9-20.  In response, Defendant argues the ALJ did not err in any of his findings.  ECF No. 9.  Because this Court finds the ALJ erred in his RFC determination of Plaintiff, this Court will only address this issue.

Plaintiff claims substantial evidence does not support the ALJ's RFC determination. Defendant argues the ALJ properly determined the Plaintiff's RFC.  Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir.

5

2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).   Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined the Plaintiff had the RFC to perform sedentary work, however he must be able to alternate between sitting and standing every 45 minutes to stand and stretch.   Additionally, he found Plaintiff cannot climb, use ladders, ropes, or scaffolds; can occasionally balance, stoop, bend, squat, kneel, crouch, and crawl; and must avoid hazards found in the workplace, such as dangerous machinery and excessive vibrations.

Plaintiff argues the ALJ's RFC determination is flawed because the ALJ failed to account for Plaintiff's decreased grip strength.  On July 14, 2009, Plaintiff was seen by Dr. Brian Oge for a consultative examination.  (Tr. 307-313).  Dr. Oge found Plaintiff had 50% grip strength in his right hand and 15% in left hand.  He further found Plaintiff disabled due to residual stroke effects.  *Id.* The ALJ gave no weight to the findings of Dr. Oge.  (Tr. 17).

In discrediting the findings of Dr. Oge, The ALJ relied on an "investigative interview" conducted on November 12, 2009" which found Plaintiff had no difficulty using either hand.  (Tr. 17).  This same "investigative interview" was relied on by two state agency doctors who also found

Plaintiff's medical issues as non-severe. (Tr. 318-322). The ALJ, in his opinion, relied on these state agency doctors' opinions in his decision and in discrediting Dr. Oge. (Tr. 14). However, this "investigative interview" does not appear in the record. Failure by the ALJ to properly analyze the opinions of Dr. Oge, along with his reliance on evidence that does not appear in the record was error. On remand, a more proper review of Dr. Oge's findings should be conducted along with providing the November 12, 2009 investigative interview into the record.

Based on the above, substantial evidence does not support the ALJ's findings regarding Plaintiff's RFC and his findings regarding Plaintiff's severe impairments.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of October 2012.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other point of error raised by the Plaintiff in this appeal.

7